Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, New York 11235
Tel.: (718) 513-3145

Presentment Date:
**August 19, 2025 at 2:30 PM**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

       Deejayzoo LLC
       dba Shhhowercap

                   Debtor.
-----------------------------------------------------------X

Case No: 1-25-42617-NHL

Chapter 11

### NOTICE OF PRESENTMENT OF MOTION FOR AN ORDER PURSUANT TO SECTIONS 327, 330 AND 331 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTOR TO EMPLOY LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL FOR THE DEBTOR

**PLEASE TAKE NOTICE,** that upon the annexed Motion and Order authorizing the

Debtor in possession to employ and compensate Law Offices of Alla Kachan, PC as Counsel for

the Debtor ( the "Motion and Order") will present to the Honorable Nancy Hershey Lord, United

States Bankruptcy Judge for the Eastern District of New York – Brooklyn Division, 271-C

Cadman Plaza East - Suite 3577, Brooklyn, NY 11201 (the "Bankruptcy Court"), for signature

on **August 19, 2025 at 2:30 PM.** (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE,** objections or other responses, if any, to approve

a Stipulation and Order must be filed with the Clerk of the Bankruptcy Court electronically at

www.nyeb.uscourts.gov, and a copy of the objection must be served upon the counsel for the

Debtors, Law Offices of Alla Kachan, P.C. 2799 Coney Island Avenue, Suite 202, Brooklyn,

NY 11235, and the United States Trustee's Office, Eastern District of New York, U.S. Federal

Office Building, One Bowling Green Room 510, New York, New York 10004 so as to be

received at least **7 days** prior to the date set for the presentment of the proposed Order.

**PLEASE TAKE FURTHER NOTICE,** that if no responses or objections are received

the Motion may be approved without further notice or a hearing.  If an objection has been timely

filed, the court will notify the moving and objecting parties of the date and time of the hearing.


DATED:
Brooklyn, New York
July 7, 2025                                                      /s/ Alla Kachan, Esq.
                                                                 Alla Kachan, Esq.
                                                                 Law Offices of Alla Kachan
                                                                 2799 Coney Island Avenue, Suite 202
                                                                 Brooklyn, NY 11235
                                                                 Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

        Deejayzoo LLC
        dba Shhhowercap

                 Debtor.
---------------------------------------------------------X

Case No: 1-25-42617-NHL

Chapter 11

**APPLICATION**
This application, filed by the Debtor,
seeking to retain counsel for the Debtor.

**TO THE HONORABLE NANCY HERSHEY LORD**
**UNITED STATES BANKRUPTCY JUDGE:**

Deejayzoo LLC dba Shhhowercap, Debtor in Possession, (sometimes referred to as the "Debtor"), represents:

1.      Debtor requests that this Court enter an order pursuant to 11 U.S.C. § 327, authorizing the Debtors to retain the Law Offices of Alla Kachan, P.C. (hereinafter, "Kachan Law Office"), as its attorneys in this case (the "Motion").

**BACKGROUND**

2.      Debtor commenced this bankruptcy case with the filing of a voluntary petition under Chapter 11 on May 28, 2025, See ECF Doc. No. 1.

3.      Debtor has continued in the possession of its property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4.      No committee of unsecured creditors has been appointed in this case.

5.      This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

6.      This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7.      This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

**RETAINING THE KACHAN LAW OFFICE**

8.      Debtor desires to retain the Kachan Law Office with offices at 2799 Coney Island Avenue, Suite 202, Brooklyn, New York 11235 as its attorney.

9.      Debtor believes that the Kachan Law Office is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case.

10.      After conferring with the Kachan Law Office, Debtor believes that the Kachan Law Office does not hold or represent an adverse interest to the estate and is a disinterested person.

**SERVICES TO BE RENDERED**

11.      Debtor believes it is necessary to retain the Kachan Law Office to render the following services:

A)      to assist Debtor in administering this case;

B)      making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

C)      to represent Debtor in prosecuting adversary proceedings to collect assets of the estate and such other actions as Debtor deem appropriate;

D)      to take such steps as may be necessary for Debtor to marshal and protect the estate's assets;

E)      to negotiate with Debtor's creditors in formulating a plan of reorganization for Debtor in this case.

F)      to draft and prosecute the confirmation of Debtor's plan of reorganization in this case;

G)      to render such additional services as Debtor may require in this case.

**TERMS OF RETENTION**

12.      Debtor and the Kachan Law Office agreed to the following terms for the Kachan Law Office's compensation.

13.      The Kachan Law Office shall bill the Debtor for legal services at its regular hourly rates.

14.      These fees range from $250.00 per hour for clerks' and paraprofessionals' time, and $550.00 per hour for attorney time.

15.      These fees are subject to change on an annual basis, and the Kachan Law Office

will advise the OUST and the Court of such changes.

16.     The Kachan Law Office shall also be reimbursed for its disbursements incidental to it representing the Debtor in this case.

17.     The initial retainer in the amount of $18,000.00 was paid on May 28, 2025, in the following manner: The Debtor's principal Jacquelyn De Jesu and her husband paid the retainer amount of $18,000.00 from their joint bank account. The Kachan Law Office has drawn down for pre-Filing Date services $3,000.00 and $15,000.00 was left on the petition date. The payment will be reflected in the Debtor's monthly operating reports An additional application for post-petition services will be made at a future time before the additional retainer is drawn upon.

18.     The Kachan Law Office has drawn down and applied the Retainer on account of the initial work done and to be done in connection with this case.

19.     In the future, the Kachan Law Office shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

20.     No prior application has been made for the relief sought herein.

**WHEREFORE,** it is respectfully requested that an order be entered authorizing the retention of the Law Offices of Alla Kachan, P.C. as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.


Dated: Brooklyn, New York
       July 7, 2025

/s/ Jacquelyn De Jesu
Jacquelyn De Jesu on behalf of Deejayzoo LLC

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

        Deejayzoo LLC
        dba Shhhowercap

                     Debtor.
------------------------------------------------------------X

Case No: 1-25-42617-NHL

Chapter 11

## DECLARATION OF PROPOSED ATTORNEY AND DISCLOSURE STATEMENT IN SUPPORT OF APPLICATION FOR RETENTION OF THE LAW OFFICES OF ALLA KACHAN, P.C. AS ATTORNEYS FOR THE DEBTOR

Alla Kachan, Esq., declares:

1.      I have personal knowledge of the facts stated herein.

2.      I am an attorney admitted to practice law in the State of New York and before this Court.

3.      I am a member of the law firm of the Law Offices of Alla Kachan, P.C. (sometimes referred to as "Kachan Law Offices").

4.      Neither I, the Kachan Law Offices, nor any member or associate of the Kachan Law Offices (insofar as I have been able to ascertain after review of this office's files and contacts via its case management system), have any connection with the Debtor, the Debtor's creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee; except that:

      a.) through other, unrelated cases, I know the United States Trustee and members of his staff;

      b.) the Kachan Law Office may appear in the future in cases in which one or more of said parties or their attorneys may be involved; and

5.      None of these factors will diminish the quality of services that the Kachan Law

Offices proposes to render for the Debtor herein or is in conflict with such proposed services.

6. Neither I, the Kachan Law Offices, nor any member, counsel or associate of the Kachan Law Offices, insofar as I have been able to ascertain, represents interests adverse to the Debtor or their estate in the matters upon which the Kachan Law Offices is to be engaged.

7. The initial retainer in the amount of $18,000.00 was paid on May 28, 2025, in the following manner: The Debtor's principal Jacquelyn De Jesu and her husband paid the retainer amount of $18,000.00 from their joint bank account prepetition. The Kachan Law Office has drawn down for pre-Filing Date services $3,000.00 and $15,000.00 was left on the petition date. This payment will be reflected in the Debtor's monthly operating reports as a payment made on behalf of the Debtor. An additional application for post-petition services will be made at a future time before the additional retainer is drawn upon.

8. No promises have been made to the Kachan Law offices as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and as stated in the Debtor's Motion.

9. The Kachan Law Offices has no agreement with any other entity to share with such entity any compensation received by the Kachan Law Offices except as part of the compensation packages of the firm's professional employees and counsel for services actually rendered.

10. I am unaware of other facts which otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest. Additionally, Law Offices of Alla Kachan, P.C. utilizes computer software, which is part of calendaring system, that automatically performs extensive internal conflicts check with respect to each new client. It too did not raise any conflict with respect to The Kachan Law Offices representation of the Debtor.

11. Based on the foregoing, the Law Offices of Alla Kachan, P.C. is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14).

12. I declare the foregoing statements of fact to be true and correct under penalties of perjury, pursuant to 28 U.S.C. § 1746.

Dated: Brooklyn, New York
     July 7, 2025              */s/ Alla Kachan*
                            Alla Kachan, Esq.
                            Law Offices of Alla Kachan, P.C.
                            2799 Coney Island Avenue, Suite 202
                            Brooklyn, NY 11235
                            Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:

       Deejayzoo LLC
       dba Shhhowercap

Case No: 1-25-42617-NHL

Chapter 11

Debtor.

-----------------------------------------------------------X

## ORDER GRANTING THE DEBTOR'S MOTION TO RETAIN THE LAW OFFICES OF ALLA KACHAN, P.C. AS COUNSEL TO THE DEBTOR

Upon the annexed motion of the above-named Debtor and Debtor in possession, (sometimes referred to as the "Debtor") (the "Motion"), the declaration of Alla Kachan, Esq., dated July 7, 2025 (the "Kachan Declaration"), the "no-objection" of the Office of the United States Trustee; and it appearing that the employment of the firm of the Law Offices of Alla Kachan, P.C. ("Kachan Law Offices"), as attorneys for the Debtor is in the best interests of the Debtor's estate; and it appearing that no further notice is required, and no adverse interest being represented; and sufficient cause appearing therefor, it is

**ORDERED**, that pursuant to section 327(a) and Bankruptcy Rule 2014, the Debtor be and hereby is authorized to employ the Kachan Law Offices as their attorneys in this case, to render the services stated in the accompanying Motion and Kachan Declaration effective May 28, 2025; and it is further

**ORDERED**, that, pursuant to 327(a) compensation and reimbursement of expenses paid to the Kachan Law Offices, including any post-petition draw down of the pre-petition retainer, shall only be upon application to the Court notice and hearing, pursuant to 11 U.S.C. § 330 and 331, the Bankruptcy Rules 2014 and 2016, E.D.N.Y.L.B.R. 2014-1, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, and

the United States Trustee Fee Guidelines; and it is further

**ORDERED**, that ten business days' notice must be provided by Kachan Law Offices to the Debtor, the Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in Kachan Law Office's rates for any individual providing services to the Debtor, and such notice must be filed with the Court. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.