DANIEL H. REISS (CA SBN 150573)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234; Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

*Counsel for Kitsch LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re: | |
|---|---|
| Deejayzoo LLC<br>d/b/a Shhhowercap,<br><br>　　　　　　　　　Debtor. | Chapter 11<br>Case No. 1-25-42617-nhl |

**OBJECTION BY KITSCH LLC TO DEBTOR'S MOTION FOR AN ORDER EXTENDING PLAN EXCLUSIVITY PERIOD PURSUANT 11 U.S.C. § 1121(d)(1)**

Kitsch LLC ("Kitsch"), a creditor in the above-referenced case, hereby files this objection (the "Objection") to the motion of the above-referenced debtor (the "Debtor") for an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") seeking an extension of the Debtors' exclusive periods (the "Exclusive Periods") to file a chapter 11 plan for approximately six months from September 26, 2025 to March 25, 2026, and to solicit acceptances from November 25, 2025 to May 25, 2026 in these chapter 11 cases (the "Motion") and respectfully represents as follows:

**I.**

**INTRODUCTION**

On May 28, 2025 (the "Petition Date"), the Debtor filed its voluntary petition with this Court commencing this case under chapter 11 of the Bankruptcy Code. The Motion is notable for its inaccuracy and lack of any evidence to support a lengthy six-month extension of the Exclusive Periods. Due to the misrepresentations in the Motion, the lack of any evidentiary or factual support, the Motion should be denied.

## II.

## MISREPRESENTATIONS AND LACK OF EVIDENCE

A. **The Debtor's Misrepresentations of Basic Facts.**

Truth be told (no pun intended), there are no facts stated in the Motion that support the relief requested, and the minimal facts stated (other than the date this case was filed) are false or wholly unsupported boiler-plate. Debtor's counsel may give the excuse that there is some "boiler-plate" statements in the Motion; however, this is no excuse for blatant misstatements to the Court regarding the only facts stated. Moreover, if Debtor intends to rely on unsupported boiler-plate statements to prosecute this case, such approach weighs heavily against the relief requested. Finally, the misrepresentations – quoted below – show that Debtor is not only untruthful, but it is failing to meet the very basic chapter 11 compliance requirements to remain a chapter 11 debtor in possession in this case.

1. Monthly operating reports. Local Bankruptcy Rule 2015-1 requires that the Debtor "shall file … a verified monthly operating report no later than the 20th day of each month". Debtor states that: "From the filing of this bankruptcy case, Debtor has consistently and timely filed all Monthly Operational Reports pursuant to the rules of the Bankruptcy Court."[1] This statement is false. As of the filing of the Motion August 5, 2025, **Debtor had not filed any monthly operating reports**.

Further, after filing the Motion, the Debtor filed only two of three monthly operating reports that have come due, both of which were extremely late and deficient. Debtor's first monthly operating report for May 2025 was filed nearly two months late on August 12, 2025.[2] Debtor's June monthly operating report was filed five weeks late on August 28, 2025.[3] Moreover, both of Debtor's monthly operating reports were filed on incorrect forms; although Debtor did not designate this case as a small business case under 11 U.S.C. § 101(51D) on its

---

[1] Motion, pg. 1, para. 2.
[2] See Dkt. No. 27.
[3] See Dkt. No. 28.

bankruptcy petition, Debtor is using monthly operating form specifically designated for small businesses which violates 28 CFR § 58.8(b). As such, Debtor is shirking its reporting obligations and providing far less financial information to the Court, the United States Trustee and creditors than required.

Therefore, not only did Debtor and its counsel make a blatantly false statement to this Court, but neither the Court nor creditors have any financial information that demonstrates that Debtor is or will be capable of filing a chapter 11 plan.

2.  Quarterly Fees. The Debtor states: "[T]he Debtor is up to date with all the payments of the quarterly fees to the US Trustee's office."[4] Of course, this statement is false.

**B.  Lack of Evidence.**

Although the Debtor dutifully sets forth case law and recognized factors that the Court would consider in connection with a request for extension of the Exclusive Periods, there is no evidence whatsoever presented in support of the few facts stated in the Motion. There is no declaration or any other form of evidence filed for the Court to consider or weigh with respect granting the relief requested. Ironically, Debtor alleges that "Application of the identified standards to the ***indisputable facts of this chapter 11 case*** demonstrates more than ample cause"[5] for the relief requested  This begs the question: What "indisputable facts"? As stated above, Debtor has made material misrepresentations regarding Debtor's reporting requirements. In addition, the Debtor does not provide any admissible evidence, nor cogent argument, that meets the factors enumerated. This violates this Court's Local Rule 9013-1(a) which states:

> A motion shall be in writing, unless made during a hearing, and shall specify…
> the factual grounds for relief. Failure to provide this information may be
> grounds to strike the motion from the calendar or deny the motion.

Moreover, where a debtor seeks the extension of its exclusivity period, it has the burden to demonstrate the existence of cause. *R.G. Pharmacy. Inc.*, 374 B.R. 484, 487 (Bankr. D. Conn.

---

[4] Motion, pgs. 1 - 2, para. 2.
[5] Motion, pg. 5, para 15.

2007). The debtor, in seeking the extension, must make "an affirmative showing of "cause," [as] supported by evidence." *Id*. Absent any factual basis for extension of the Exclusive Periods, and no evidence presented, the Motion should be denied for failing to present evidence to meet its burden of proof.

Moreover, application of the factors that the Court may consider in determining whether extension of the Exclusive Period also overwhelmingly weigh in favor of denying the Motion.

## III.
## THE APPLICABLE FACTORS REGARDING "CAUSE"
## WEIGH IN FAVOR OF DENYING THE MOTION.

"The decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court." *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006). In exercising its discretion, a bankruptcy court may consider a variety of factors to assess the totality of circumstances in each case and to determine the existence of "cause" under section 1121(d) of the Bankruptcy Code. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity.") As stated above, the Debtor has the burden to show that "cause" exists to extend the Exclusive Periods. *R.G. Pharmacy*, 374 B.R. at 487.

These factors are not exclusive and include, without limitation:

    (a) the size and complexity of the debtor's case;

    (b) the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

    (c) the existence of good faith progress toward reorganization;

    (d) the fact that the debtor is paying its bills as they become due;

    (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f) whether the debtor has made progress in negotiations with its creditors;

    (g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i) whether an unresolved contingency exists.

*Adelphia Commc'ns Corp.*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); see also *Borders Grp., Inc.*, 460 B.R. at 822 (evaluating the nine factors set forth in *Adelphia* to hold that debtor established cause to extend exclusivity).

(a) The size and complexity of the debtor's case.

This is neither a large nor a complex case. On the Debtor's voluntary chapter 11 bankruptcy petition, the Debtor states its assets are under $50,000.[6] According to the May 2025 monthly operating report, as of May 31, 2025, Debtor had only $111.18 .[7] Debtor indicates on its June 2025 monthly operating report that its gross income (in the form of cash receipts) was only $10,144.25 for the month, and had a net positive cash flow of only $3,268.62, with an ending cash balance of only $3,379.80. Both monthly reports states that Debtor had no receivables,[8] and had no employees.[9] Further, the Motion does not describe any issues of any complexity. Therefore, this factor weighs in favor of denying the Motion.

(b) The necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information.

Debtor has not reached out to Kitsch with respect to the negotiation of a chapter 11 plan. In fact, Debtor has refused to consensually provide documents requested by Kitsch; and now requires that Kitsch file a 2004 Motion. The correspondence between counsel for Kitsch and the Debtor is attached as **Exhibit A** to the annexed Declaration of Daniel Reiss. Moreover, the Debtor does not describe or provide any evidence of an effort by the Debtor to negotiate the terms of a chapter 11 plan. Therefore, this factor weighs in favor of denying the Motion.

---

[6] See Dkt. No. 1, pg. 3.
[7] See Dkt. No. 27, pg. 2.
[8] Dkt. Nos. 27 and 28, pg. 3, item 25.
[9] *Id.*, pg. 3, item 26.

(c) The existence of good faith progress toward reorganization.

There is no evidence that the Debtor can propose a confirmable chapter 11 plan of reorganization. As stated above, net cash flows according to Debtor's monthly operating reports are less than $3,400 based on gross revenues of less than 13,000.[10] It is likely that the costs of this chapter 11 case will exacerbate Debtor's poor economic performance due to the heavy burden of the administrative costs attendant to chapter 11 reorganization proceedings.

Further, Debtor has misled this Court and parties in interest with respect to its financial projections. In the May 2025 monthly operating report, Debtor *projected* cash receipts of $300,000 for the month of June 2025 (Dkt. No. 27, pg. 3, part 7, item 35). However, June 2025's actual cash receipts were only $10,244.25, **falling short of such projections by $289,855.75** - i.e., actual cash receipts were **only about 3.4% of the amount projected**! **(**Dkt. No. 28, pg. 3, part 7, item 32). Of course, as already stated, Debtor provides no evidence or statements of fact that demonstrate any ability to propose a confirmable chapter 11 plan. However, among the miniscule amount of financial information Debtor has chosen to disclose are shockingly misleading revenue projections. Therefore, even if Debtor did provide financial projections to support a chapter 11 plan, such would not be credible.

Moreover, although the proof of claims bar date is September 22, 2025, nearly $1.7 million of creditors have filed proofs of claim, including secured claims of approximately $363,000 and priority claims of nearly $46,000. Based on these claims and Debtor's marginal financial performance, it is doubtful that Debtor will be able to file a confirmable chapter 11 plan.

In sum, this factor weighs in favor of denying the Motion.

(d) The fact that the debtor is paying its bills as they become due.

The Debtor provides no evidence that it is paying its bills as they become due. With the additional burden of chapter 11 administrative costs, it is likely that its ability to pay its bills as

---

[10] Sum of amounts on Dkt. Nos. 27 and 28, pg. 20, item 20.

6

they become due will worsen post-petition. Therefore, this factor weighs in favor of denying the Motion.

(e) Whether the debtor has demonstrated reasonable prospects for filing a viable plan.

For the reasons stated above, Debtor provides no facts, evidence or supportable allegations that it has a viable business, which is necessary for it to reorganize. Therefore, this factor weighs in favor of denying the Motion.

(f) Whether the debtor has made progress in negotiations with its creditors.

As stated above, the Debtor has refused to consensually provide documents reasonably requested by Kitsch. This indicates a lack of willingness to engage in constructive disclosure and discussions regarding a plan of reorganization. In addition, counsel for Kitsch was present at the three Section 341(a) meetings held in this case. Both counsel and Ms. De Jesu were adversarial in tone in response to creditors asking questions at those meetings. Based on this, it does not seem that it is likely that negotiations with creditors will be fruitful  Further, the Debtor does not describe or provide any evidence that it has commenced any negotiations with any creditors with respect to their claims or a plan. Therefore, this factor weighs in favor of denying the Motion.

(g) The amount of time which has elapsed in the case.

As of the date currently set for a hearing on this Motion, the case will  been pending for approximately two and one-half months. This should be sufficient time to demonstrate Debtor's ability to make progress towards a viable plan. As demonstrated above, Debtor has no reorganizable business based on its dismal financial performance and lack of compliance with the requirements to remain as a debtor in possession. Therefore, this factor weighs in favor of denying the Motion.

(h) Whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands.

The above-described unlikelihood that Debtor will be able to consensually confirm a plan in this case compels the conclusion that the **sole reason** the Debtor seeks an extension of

exclusivity is to pressure its creditors to submit to its reorganization demands and to avoid a competing plan that would better serve creditors' interests. Therefore, this factor weighs in favor of denying the Motion.

(i) Whether an unresolved contingency exists.

Kitsch is not aware of any unresolved contingency that must be resolved before the Debtor can propose a plan. Further, the Debtor does not describe or provide any evidence of any such contingency. Therefore, this factor weighs in favor of denying the Motion.

## IV.
## CONCLUSION.

For the foregoing reasons, Debtor has failed to meet its burden to demonstrate that "cause" exists to extend the Exclusive Periods as requested. Therefore, the Motion should be denied.

Dated: September 2, 2025

Respectfully submitted,

_____
Daniel H. Reiss, Esq.
LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dhr@lnbyg.com

# DECLARATION OF DANIEL H. REISS

I, Daniel H. Reiss, declare as follows:

1. I am a partner at the firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P., counsel for Kitsch LLC ("Kitsch"), a creditor in the above-referenced bankruptcy case. The statements made herein are of my own personal knowledge, and if called upon, I could and would testify to their truth.

2. Debtor has not reached out to Kitsch with respect to the negotiation of a chapter 11 plan. In fact, Debtor has refused to consensually provide documents requested by Kitsch; and now requires that Kitsch file a 2004 Motion. The correspondence between myself as counsel for Kitsch and counsel for the Debtor is attached as **Exhibit A** hereto.

3. I was present at the three Section 341(a) meetings held in this case. Both Debtor's counsel and its principal, Ms. De Jesu, were combative in tone with respect to my questions and those of other creditors' counsel at those meetings. Based on this and Debtor's refusal to provide information reasonably requested by Kitsch, it does not seem likely that negotiations regarding a consensual chapter 11 plan with creditors will be fruitful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of September 2025 in Los Angeles, California.

_____
DANIEL H. REISS



# Daniel H. Reiss

**From:** Alla Kachan <alla@kachanlaw.com>
**Sent:** Wednesday, August 13, 2025 10:52 AM
**To:** Daniel H. Reiss
**Subject:** Re: In re Deejayzoo, LLC

Dear Mr. Reiss,

Upon further review and consideration, kindly file your motion for 2004 production.

Thank you
Valery Chumakou

On Thu, Aug 7, 2025 at 12:17 PM Alla Kachan <alla@kachanlaw.com> wrote:
> Dear Mr. Reiss,
>
> The Debtor is amenable to providing documents, to the extent they exist and are available, in response to your informal request. However, the Debtor will require a more reasonable period of time to do so, as the timeframe typically allotted under Rule 2004 is significantly longer than the one you are currently seeking.
>
> Accordingly, if you choose to insist on the timeframe outlined in your letter, you will need to proceed under a formal Rule 2004 request. Alternatively, the Debtor requests a period of 30 days to produce the requested documents.
>
> Please be guided accordingly.
>
> Thank you,
> Alla Kachan
>
> On Wed, Aug 6, 2025 at 1:46 PM Daniel H. Reiss <dhr@lnbyg.com> wrote:
>> Dear Ms. Kachan - Please see attached letter. Thank you.
>>
>>
>> **DANIEL H. REISS,** Esq.
>>
>> **LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
>>
>> 2818 La Cienega Avenue  |  Los Angeles, CA  90034
>>
>> Phone  310 229 1234  |  Direct  310 229 3338  |  CELL 310 490 0830
>>
>> dhr@lnbyg.com  |  www.lnbyg.com

1

**The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.**

 **Please consider the environment before printing this email**

--
Law Offices Of Alla Kachan. P.C.
2799 Coney Island Avenue #202
Brooklyn, NY 11235
phone : (718)-513-31-45
fax: (347)-342-31-56

--
Law Offices Of Alla Kachan. P.C.
2799 Coney Island Avenue #202
Brooklyn, NY 11235
phone : (718)-513-31-45
fax: (347)-342-31-56



August 6, 2025

**<u>Via Electronic Mail</u>**

Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Ave.
Suite 202
Brooklyn, NY 11235

Re: <u>In re Deejayzoo LLC; Case No. 1-25-42617-nhl</u>

Dear Ms. Kachan:

As you know, my firm represents Kitsch, LLC, a creditor in the above-referenced case.

Having done a preliminary review of the schedules, statement of financial affairs, the docket in this case, and having participated in the three Section 341(a) meetings, Kitsch requests the information listed below.  Kitsch hopes that your client (the "Debtor") will provide this information without need for Kitsch to apply to the Court for an order under FRBP 2004 or otherwise serve formal process.  Please provide copies of:

 1. Bank statements from of the Debtor's pre-petition bank accounts for the four-year period prior to the May 28, 2025 petition date.  As you know, the Debtor has already agreed to provide the prior two years' bank statements, so the additional two years' statements should be easily available.

 2. All documentation, records and communications that relate to transfers of money to or from Jacqueline Deejayzoo for the four-year period prior to the May 28, 2025 petition date.

 3. All documentation, business records and communications that relate to transfers of money to or from Jacqueline Deejayzoo's husband (the "Husband") for the four-year period prior to the May 28, 2025 petition date.

 4. All documentation, business records and communications that relate to transfers of money to or from Center Design or any other entity owned or controlled by the Husband for the four-year period prior to the May 28, 2025 petition date.

 5. All documentation, business records and communications that relate to transfers of money to or from any other family member of Jacqueline Deejayzoo, including any parent, child or sibling during the four-year period prior to the May 28, 2025 petition date.



      6.     Three years of the most recently filed federal and state tax returns by the Debtor.

      7.     All leases, agreements, or other contracts between the Debtor and any of the following: Jacqueline Deejayzoo, the Husband, or any entity owned or controlled by Jacqueline Deejayzoo or the Husband.

      8.     All bank statements for any period on or after the May 28, 2025 petition date, including both debtor-in-possession accounts and those from the Debtor's pre-petition bank accounts.

      9.     All documents (invoices, purchase orders, books and ledgers) that relate to the sale of any of the Debtor's products on or after the May 28, 2025 petition date.

      10.    Any draft or completed appraisals, reports or analyses of the value (whether or not estimated or approximated) of any or all of Debtor's patents and other intellectual property prepared for the Debtor on or after January 1, 2020. This includes, but is by no means limited to, any such report prepared by the Peak valuation firm to which the Debtor testified at the second 341(a) meeting.

      11.    All documents or communications, including but not limited to statements issued by any financial institution, relating to monetary transfers to or from the Debtor by means of Paypal, Venmo or Zelle on and after the May 28, 2025 petition date.

      12.    All documents or communications, including but not limited to statements issued by any financial institution, relating to monetary transfers to or from the Debtor by means of Paypal, Venmo or Zelle during the four-year period prior to the May 28, 2025 petition date.

Please provide the above no later August 15, 2025. Kitsch may have additional information requests. Thank you.

                                      Sincerely yours,

                        LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, LLP

                                     Daniel H. Reiss, Esq.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION BY KITSCH LLC TO DEBTOR'S MOTION FOR AN ORDER EXTENDING PLAN EXCLUSIVITY PERIOD PURSUANT 11 U.S.C. § 1121(d)(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 2, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kenneth Anand    kenneth@jayaramlaw.com
- Alla Kachan    alla@kachanlaw.com, 2759602420@filings.docketbird.com
- Bryan D Leinbach    bleinbach@zeklaw.com, 1990580420@filings.docketbird.com
- Office of the United States Trustee    USTPRegion02.BR.ECF@usdoj.gov
- Daniel H. Reiss    dhr@lnbyg.com
- Benjamin D Schwartz    bschwartz@norris-law.com, mberrios@norris-law.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **September 2, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 2, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 2, 2025 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |