UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re: Deejayzoo LLC dba Shhhowercap,   Case No: 1-25-42617-NHL
                                         Chapter 11
               Chapter 11 Debtor.

-------------------------------------------------------X

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362(d) AND REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM

**PLEASE TAKE NOTICE** that a hearing on the annexed motion, dated December 24, 2025, of Shopify Inc. ("Shopify"), will be held before the Hon. Nancy Hershey Lord, United States Bankruptcy Judge, **January 20, 2026, at 2:30 p.m**. The hearing will be conducted via videoconference solely using the Webex videoconference platform. Parties have the option to connect by video using the provided video link, or dial in as an audio only participant. All participants, including attorneys and non-attorneys, must register with eCourt Appearances in advance of their appearance. The registration link is https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Once registered, eCourt appearances will email the telephone number and/or video link for the hearing. You may register for the hearing immediately, but the telephone number and/or video link will not be emailed to you until **48 hours prior to the hearing date**. Those registering with eCourt Appearances for hearings in less than 48 hours should allow up to 15 minutes after registration to receive the email from eCourt Appearances with dial-in instructions. Those unable to access eCourt Appearances must email Judge Lord's Courtroom Deputy at nhl_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing.

1604731281.1

Your email must include your name, the case number(s), who you represent (if you are an attorney), the hearing date, and your phone number.

**PLEASE TAKE NOTICE THAT** any objection to the Motion must be in writing and state with particularity the grounds of the objection. The objection must be filed with the Clerk of the Bankruptcy Court electronically at www.nyeb.uscourts.gov, and a copy of the objection must be served upon the undersigned counsel so as to be received no later than seven (7) days before the hearing date.

Dated: December 24, 2025

/s/*Carly S. Everhardt, Esq.*
Carly Everhardt
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095
Email: carly.everhardt@klgates.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | |
|---|---|
| In re: Deejayzoo LLC dba Shhhowercap, | Case No: 1-25-42617-NHL |
| Chapter 11 Debtor. | Chapter 11 |

-------------------------------------------------------X

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C § 362(d) AND REQUEST FOR ALLOWANCE OF
ADMINISTRATIVE EXPENSE CLAIM**

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

Shopify Inc. ("**Shopify**"), a service provider for Deejayzoo LLC dba Shhhowercap (the "**Debtor**"), by and through its undersigned attorney, files this Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Request for Allowance of Administrative Expense Claim (the "**Motion**") and in support thereof, respectfully states as follows:

**PRELIMINARY STATEMENT**

Shopify is a provider of e-commerce services that provides its users the tools to build, manage, and scale online stores. Shopify provides various plans with different price points and service for its customers to choose from. The Debtor uses Shopify's services for its website and sales. Upon filing for bankruptcy, the Debtor has not made a single postpetition payment to Shopify for its postpetition services nor has the Debtor sought to downgrade to a more affordable account. Thus, Shopify is seeking to lift the automatic stay to terminate its contract with the Debtor pursuant to the terms of the underlying contract.

## **BACKGROUND**

The Debtor entered into a contract (the "Plus Agreement") with Shopify for Shopify Plus services on December 23, 2021. *See* Declaration of Heidi Dobratz (the "Dobratz Decl.") at ¶3, attached to this Motion as Exhibit A. In addition to the basic Shopify website building features, Shopify Plus has enhanced features for larger and scaling businesses such as:

- Unlimited staging stores
- Up to 200 locations to store inventory and fulfill orders
- Carrier-calculated shipping
- Priority phone line and e-mail address for support in addition to 24/7 chat

Due to the premium nature of the Shopify Plus account, the Debtor agreed to pay a monthly Platform Fee and additional store fees pursuant to the Plus Agreement. The minimum monthly Platform Fee is currently $2,500 USD, plus a variable fee based on Eligible Platform Transactions, if applicable, and any additional store and transaction fees, e.g. application charges, shipping charges, domain purchases. During the course of the bankruptcy the monthly fees have varied from approximately $3,200 to $3,600 a month. *See* Dobratz Decl. ¶3.

The initial term of the Plus Agreement was two years; however, after the expiration of that two year term, the Shopify Plus Agreement converted to a month-by-month contract. To not renew the Plus Agreement on a monthly basis, Shopify must provide the Debtor with at least 15 days' prior written notice.

As noted above, the Debtor has not paid any invoices for postpetition services despite its Monthly Operating Reports indicating that all postpetition bills are being paid on time. *See* ECF Nos. 27, 28, 32, 50, 51 and 59. Additionally, most months, the Debtor's net cash flow is negative.

*See* ECF Nos. 27, 28, 32, 50, 51 and 59. The Debtor is six months into this case, and, despite the breathing room provided by the bankruptcy, the Debtor is not paying its postpetition Shopify invoices as they come due, and is attempting to block Shopify from voting on the Debtor's Plan Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan") [ECF No. 60] because Shopify did not file a claim for its prepetition services.

The Debtor is continuing to use Shopify's services postpetition without upholding its payment obligations for postpetition services,[1] and it seems that the Debtor does not have the cash to pay Shopify on a go-forward basis or confirm a plan that pays Shopify's administrative expense on the effective date. As of the filing of this Motion, the Debtor owes Shopify $22,928.17 for postpetition services. *See* Dobratz Decl. ¶10. Thus, under the circumstances, cause exists to grant Shopify relief from the automatic stay so that it may exercise its termination rights under the Plus Agreement.

## ARGUMENT

**A. Shopify Has an Administrative Expense Claim for its Continued Services Postpetition**

Section 503(b) allows creditors to receive an administrative expense for the actual and necessary expenses to benefit and preserve the estate. The expenses of 503(b) include expenses necessary to operate the Debtor's business. *See In re Sturgis Iron & Metal Co*, 420 B.R. 716 (Bankr. W. Mich. 2009) (finding creditor with postpetition contract benefitting the estate should be given allowed claim at contractual rate). Here, Shopify provided a core service to the Debtor by hosting the Debtor's website and enabling the Debtor to continue its sales during the postpetition period. The Debtor could not operate without its website. Thus, the Plus Agreement is an actual and necessary expense to preserve the going concern value of the Debtor's business.

---

[1] To be clear, Shopify is not seeking to terminate the agreement based on the Debtor's prepetition default.

Therefore, Shopify is entitled to an allowed administrative expense for its postpetition services under the Plus Agreement in the amount of the unpaid invoices for the Plus Agreement from the petition date through the date of the contract termination and/or confirmation – whichever is earlier.

### B. There is Cause to Lift the Automatic Stay

A bankruptcy filing imposes an automatic stay of actions to collect against the debtor for prepetition debts. *See* 11 U.S.C. § 362(a).[2] However, the Code provides that the Court shall grant relief from the automatic stay "for cause." *See* 11 U.S.C. § 362(d)(1). "Cause" may be established where a debtor has failed to pay its postpetition obligations. *See e.g.*, *In re Sweet N Sour 7th Ave Corp.*, 431 B.R. 63, 69 (Bankr. S.D.N.Y. 2010) ("The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay."); *In re Rocchio*, 125 B.R. 345, 347 (Bankr. D. R.I. 1991); *In re Matter of Int'l Kitchens*, 6 B.R. 756, 761 (Bankr. D. Hawaii 1980).

Similarly, the Court shall lift the automatic stay if (1) the debtor does not have equity interest in that property; and (2) such property is not necessary to an effective reorganization. *See* 11 U.S.C. § 362(d)(2). Here, the debtor does not have an equity interest in Shopify and/or the Plus Agreement; and, while Shopify does provide services necessary to the estate, the Shopify Plus Agreement with its enhanced features is not necessary to an effective reorganization.

Furthermore, in addition to its failure to make payments for postpetition services, the Debtor, via its Plan, is attempting to bar Shopify from even filing a claim for its postpetition services. *See* Plan §2 (stating that because Shopify did not file a claim for its unpaid prepetition services it is "now barred from filing [a] claim in the Debtor's case and [is] thus not afforded treatment [under the Plan]." Similarly, the Disclosure Statement for the Debtor's Plan of

---

[2] Shopify's motion is seeking a comfort order to allow it to terminate the Plus Agreement. Shopify does not concede that the stay is applicable to its enforcement rights under this contract due to a postpetition default.

Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement") [ECF No. 61] does not list Shopify as an administrative claimant that needs to be paid in full for its postpetition services on the effective date of the Plan. The Debtor clearly has no intention of providing any payment to Shopify for its postpetition services and therefore should no longer be allowed to benefit from the Plus Agreement services.

Shopify provides a Basic plan, Grow plan, and Advanced plan to its customers in addition to Shopify Plus. A summary of the available plans from the Shopify website as of December 23, 2025, is below:



The monthly fee for the basic plan starts as low as $29 per month. The Debtor can use one of the many other Shopify plans to help it manage its website and sales – even Shopify's most basic plan includes hosting a website, 24/7 chat support, 10 inventory locations and shipping discounts.

## CONCLUSION

There is cause to terminate the Debtor's contract with Shopify due to the Debtor's failure to make postpetition payments and clear attempts to shirk any postpetition responsibility under the Plus Agreement. Additionally, the Debtor does not need the Shopify Plus account to reorganize – if the Debtor can even reorganize given the current state of this bankruptcy case.

WHEREFORE, Shopify requests the Court to enter an order, substantially in the form of Exhibit B, lifting the automatic stay to terminate the Plus Agreement with the Debtor and/or in the alternative, allowing Shopify to downgrade the account, and allowing Shopify to file an allowed administrative expense claim for its postpetition services.

DATED this 24th day of December, 2025.

*/s/ Carly S. Everhardt, Esq.*
Carly Everhardt
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095
Email: carly.everhardt@klgates.com

**EXHIBIT A**
**Declaration in Support of Motion**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re: Deejayzoo LLC dba Shhhowercap,    Case No: 1-25-42617-NHL
                                         Chapter 11
                Chapter 11 Debtor.

-------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362(d)

I, Heidi Dobratz, state as follows:

1. My name is Heidi Dobratz. I am a litigation paralegal employed by Shopify (USA) Inc. Shopify (USA) Inc. is a wholly owned subsidiary of Shopify Holdings (USA) 2 Inc., which in turn is a wholly owned subsidiary of Shopify Inc. ("Shopify"). I make this declaration in support of Shopify's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d). Part of my duties at Shopify include reviewing customer payment records and contracts to assist Shopify with dispute and litigation matters. I am familiar with Shopify's review and storage of relevant customer payment records and contracts. I am also familiar with the various Shopify plans offered to customers.

2. Shopify keeps a record of every contract with its customers. Shopify also keeps records of each customer's payment history.

3. Shopify entered into a contract with the Debtor to provide Shopify Plus (the "Plus Agreement") services on December 23, 2021. A true and correct copy of that contract is available upon request.

4. In exchange for monthly services from Shopify, the Debtor is required to pay fees, including a Platform Fee and Transaction Fee. Plus Agreement ¶3.5.

5. The minimum monthly Platform Fee is currently $2,500 USD.

6. The initial term of the Plus Agreement expired on December 23, 2023; however, pursuant to the Plus Agreement, "[o]n the expiry of the Initial Term, the Agreement shall renew for one-month terms (each a 'Renewal Term'), unless either party provides the other with notice of its intention not to renew at least 15 days prior to the expiry of the Initial Term or then-current Renewal Term. Either party may terminate the Agreement at any time during any Renewal Term by providing the other party with at least 15 days' prior written notice. The Initial Term and Renewal Term are collectively referred to as the 'Term'." Plus Agreement ¶4.1.

7. Upon knowledge and belief, the Debtor filed for bankruptcy on May 28, 2025.

8. Since the Debtor has filed, the Debtor has failed to make a single payment to Shopify.

9. Shopify has provided the Debtor its services almost everyday of the postpetition period.

10. As of the date of this Declaration, the Debtor owes Shopify $22,928.17 for its postpetition services. Shopify has issued the following postpetition invoices, which remain unpaid:

| Invoice No. | Month Issued | Amount Due |
| --- | --- | --- |
| 382290260 | June 2025 | $3,211.29[3] |
| 395082362 | July 2025 | $3,251.06 |
| 408461172 | August 2025 | $3,555.34 |
| 422144080 | September 2025 | $3,264.52 |
| 435323742 | October 2025 | $3,200.53 |

---

[3] This amount has been revised to reflect that the invoice inadvertently included a few days of prepetition services. The original invoice amount was $3,307.93

| 449491397 | November 2025 | $3,222.17 |
| 463579432 | December 2025 | $3,223.26 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 23 day of December 2025.

*Heidi Dobratz*
_____

**EXHIBIT B**
**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

In re: Deejayzoo LLC dba Shhhowercap,    Case No: 1-25-42617-NHL
                                         Chapter 11
                Chapter 11 Debtor.

-------------------------------------------------------X

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C § 362(d)

This matter, having come before the Court on January 20, 2026 (the "**Hearing**"), upon Shopify Inc.'s ("Shopify") *Motion to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (the "**Motion**")[3] [ECF No. __], and the Court, having considered the Motion, and having heard the parties at the Hearing, and being otherwise fully advised in the premises, does for the reason state on the record of the Hearing, all of which are incorporated herein; finds that the Deejayzoo LLC dba Shhhowercap's (the "**Debtor**") postpetition default under its contract with Shopify constitutes cause to lift the automatic stay pursuant to 11 U.S.C. § 362(d). Accordingly, it is

**ORDERED:**

1. The Motion is **GRANTED**.

2. Shopify may terminate the Plus Agreement with the Debtor.

3. The services that Shopify provided the Debtor were necessary, reasonable, and incurred to operate the estate. Therefore, Shopify may file an administrative claim for the unpaid postpetition services it provided to the Debtor under the Plus Agreement through the date of the Plus Agreement termination pursuant to the contractual terms the parties agreed upon. Shopify's administrative expense claim is allowed.

---

[3] Terms not defined in this Order have the definition attributed to them in the Motion.

4. The Court retains jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

# # #

Attorney Carly Everhardt is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.